■ JOSEPH SOLOWE, Respondent, v. KORDELL SPORTSWEAR, INC., et al., Appellants.— Interlocutory judgment, entered on June 20, 1960, directing defendants to account to the plaintiff, unanimously reversed, on the law and on the facts, and the amended complaint dismissed, with costs to defendants-appellants. This action is one for damages for breach of a contract of employment as salesman on a commission basis for the period September 1, 1954 to June 30, 1955. On the trial the parties stipulated the sole questions to be determined by the court were (1) whether as alleged in the amended complaint the contract of employment was for the term from September 1, 1954 to June 30, 1955; and (2) whether plaintiff was wrongfully discharged on January 17, 1955. The trial court rendered a decision for the plaintiff on the theory that the contract of employment was one from year to year, a theory not advanced by plaintiff in his complaint or at the trial. The evidence fails to establish employment for any definite period, and we find the employment was one at will. In a nonjury case this court should enter the judgment the trial court should have entered. (*Mintz* v. *Clavin & Co.*, 4 A D 2d 635, affd. 4 N Y 2d 886.) The defendants' motion to dismiss the amended complaint should have been granted. Settle order on notice. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.

■ MIRIAM M. MINTZ, Appellant, v. T. LOUIS MINTZ, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente and Stevens, JJ.

■ ANNA MCCORMICK et al., Respondents, v. WEST TREMONT ESTATES, INC., Appellant.— Order, entered on June 20, 1960, granting plaintiffs' motion for leave to amend their bill of particulars is unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs. The accident upon which the action is predicated occurred on September 13, 1952. The case came on for trial in January, 1958, and resulted in a verdict in favor of the plaintiffs. This court reversed the judgment and ordered a new trial on July 1, 1958 (*McCormick* v. *West Tremont Estates*, 6 A D 2d 105). We then said (p. 107): " There was neither evidence as to any defect in the construction or maintenance of the box nor was there proof of any actual or constructive notice of any defect. To establish defendants' liability it was incumbent on plaintiffs to prove some defect in the box or in its maintenance which caused its toppling over." It was not until almost two years later that plaintiffs moved to amend their bill of particulars so as to allege that between 1946 and 1952 two tenants had complained to the defendant's superintendent about the condition of the box upon which the plaintiff, Anna McCormick, claimed she had fallen. The granting of that motion was improvident for a number of reasons. In the first place, plaintiffs were guilty of inexcusable and prejudicial laches in seeking to add new matter in the action, eight years after the occurrence of the accident and two years since the reversal. The passage of between 8 and 14 years, since the alleged complaints were made to the defendant's superintendent, clearly makes proper investigation extremely difficult, if not impossible. Secondly, as to the two instances in which the tenants are supposed to have notified the superintendant, one is too remote in time while the other is too indefinite in substance. Finally, there is no necessity for the proposed amendment. Under the present bill of particulars, plaintiffs may attempt to prove the existence of a defect by these witnesses. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.